1  SEYFARTH SHAW LLP
   Camille A. Olson (SBN 111919)
2  colson@seyfarth.com
   Richard B. Lapp (SBN 271052)
3  rlapp@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California  90067-3021
   Telephone:     (310) 277-7200
5  Facsimile:     (310) 201-5219

6  SEYFARTH SHAW LLP
   Cassandra H. Carroll (SBN 209123)
7  ccarroll@seyfarth.com
   560 Mission Street, Suite 3100
8  San Francisco, California  94105-2930
   Telephone:     (415) 397-2823
9  Facsimile:     (415) 397-8549

10  131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
11  Telephone:     (312) 460-5000
    Facsimile:     (312) 460-7914

12
    Attorneys for Defendant
13  CONTINENTAL CASUALTY COMPANY

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18  GINGER MATSUMOTO-HERRERA            Case No.

19              Plaintiff,             **DECLARATION OF CASSANDRA H.
20                                     CARROLL IN SUPPORT OF
         v.                            DEFENDANT'S NOTICE OF REMOVAL
21                                     OF CIVIL ACTION TO FEDERAL
    CONTINENTAL CASUALTY COMPANY, and  COURT**
22  DOES 1 through 100, inclusive,
                                       **(SAN FRANCISCO COUNTY SUPERIOR
23              Defendants.            COURT CASE NO. CGC 14-540137)**

24                                     Complaint Filed:  June 20, 2014

25

26

27

28

DECLARATION OF CASSANDRA H. CARROLL IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

I, Cassandra H. Carroll, hereby declare as follows:

1.      I am an Associate with the law firm of Seyfarth Shaw LLP, counsel for Defendant Continental Casualty Company ("Defendant" or "CCC") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District of California and am one of the attorneys responsible for representing Defendant in this action.  All of the information contained herein is based upon my information and belief for the facts necessary and if called and sworn as a witness, I could and would competently testify thereto and authenticate all documents attached hereto as exhibits.

2.      On July 10, 2014, I am informed and believe that CCC was served with a Summons and Complaint in the matter of *GINGER MATSUMOTO-HERRERA, an individual, Plaintiff, vs. CONTINENTAL CASUALTY COMPANY, a corporate entity; and DOES 1 through 100, inclusive, Defendants*, filed in the Superior Court of the State of California, County of San Francisco (the "State Court") and designated as case number CGC14-540137, as well as a Civil Case Cover Sheet, Notice of Case Management Conference, and Alternative Dispute Resolution Program Information Package.  I am informed and believe that these are the only documents that have been served on Defendant.  Attached to this declaration as Exhibit 1 are true and correct copies of these documents received by CCC on July 10, 2014.

3.      On August 8, 2014, CCC timely served and filed Defendant's Answer to Complaint with the State Court.   Attached to this declaration as Exhibit 2 is a true and correct copy of Defendant's Answer to Complaint.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 11th day of August, 2014 in San Francisco, California.


By    ___*/s/ Cassandra H. Carroll*___
      Cassandra Carroll

2

DECLARATION OF CASSANDRA H. CARROLL IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# *Exhibit 1*

*Exhibit 1*

 **CT Corporation**

**Service of Process Transmittal**
07/10/2014
CT Log Number 525304332

TO: Barbara Hyman
CNA Financial Corporation
333 South Wabash
Chicago, IL 60604

RE: **Process Served in California**

FOR: Continental Casualty Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ginger Matsumoto-Herrera, Pltf. vs. Continental Casualty Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Statement(s), Summons, Complaint, Demand, Cover Sheet, Alternative Dispute Resolution, Stipulation |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC14540137 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Sex, Age, Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/10/2014 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Clarice C. Liu<br>Liu Employment Law Firm<br>One Sansome Street<br>35th Floor<br>San Francisco, CA 94104<br>415-288-8622 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/12/2014, Expected Purge Date: 07/17/2014<br>Image SOP<br>Email Notification, Barbara Hyman barbara.hyman@cna.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CASE NUMBER: CGC-14-540137 GINGER MATSUMOTO-HERRERA VS. CONTINENTAL CAS

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

*7/10/14 2:30pm*

> **DATE:** NOV-19-2014
>
> **TIME:** 10:30AM
>
> **PLACE:** Department 610
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference. However, it would facilitate
> the issuance of a case management order **without an appearance** at the case
> management conference if the case management statement is filed, served and lodged in
> Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
> CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
> JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
> SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
> PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*   ☐ **UNLIMITED CASE** <br> (Amount demanded <br> exceeds $25,000)   ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 <br> or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted **jointly** by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4. **Description of case**
   a.   Type of case in   ☐   complaint      ☐   cross-complaint      *(Describe, including causes of action)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:       f.  Fax number:
    e.  E-mail address:       g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
       ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
       ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

_____   ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* <br><br> CONTINENTAL CASUALTY COMPANY, and DOES 1 through 100, Inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> GINGER MATSUMOTO-HERRERA | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br><br> San Francisco Superior Court <br> 400 McAllister Street, San Francisco, CA 94102 | **CASE NUMBER:** *(Número del Caso):* <br> CGC-14-540137 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Liu Employment Law Firm - One Sansome Street, Ste. 3500, San Francisco, CA 94104 - 415-288-8622

| DATE: *(Fecha)* | JUN 2 0 2014 | CLERK OF THE COURT *(Secretario)* | D. STEPPE | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify)*: <br><br> 3. ☒ on behalf of *(specify)*: CONTINENTAL CASUALTY COMPANY <br><br> under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) <br> ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) <br> ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person) <br> ☐ other *(specify)*: <br> 4. ☐ by personal delivery on *(date)*: |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

CLARICE C. LIU (SBN 160555)
LIU EMPLOYMENT LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone: (415) 288-8622
Facsimile: (415) 288-8633

Attorneys for Plaintiff
GINGER MATSUMOTO-HERRERA

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2014 JUN 20  AM 11: 27

CLERK OF THE COURT
BY:
DEPUTY CLERK

D. STEPPE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

GINGER MATSUMOTO-HERRERA,

Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
and DOES 1 through 100, inclusive,

Defendants.

CASE NO. **C G C - 1 4 - 5 4 0 1 3 7**

**COMPLAINT FOR DAMAGES**

(1)  **Sex Discrimination**
(2)  **Age Discrimination**
(3)  **Disability Discrimination**
(4)  **Failure To Engage In Interactive Process**
(5)  **Failure To Provide Reasonable Accommodation**
(6)  **Wrongful Termination**
(7)  **Failure To Prevent Discrimination**
(8)  **Violation of Family Medical Leave Act**
(9)  **Intentional Infliction Of Emotional Distress**
(10)  **Negligent Infliction Of Emotional Distress**

**DEMAND FOR JURY TRIAL**

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1    Plaintiff GINGER MATSUMOTO-HERRERA alleges as follows:

2                              **NATURE OF THE ACTION**

3        1.       Plaintiff Ginger Matsumoto-Herrera was a longstanding and dedicated employee of

4    Continental Casualty Company ("CNA") for 23 years.  Throughout this time, Plaintiff received

5    numerous accolades for her contributions to the company, with her accomplishments evidenced in

6    her performance evaluations, along with multiple awards.  Unfortunately, in July 2012, Plaintiff

7    suffered a serious work-related injury when she fell in the office necessitating a surgery.  After she

8    sustained her injury and immediately after she informed her supervisor of her upcoming surgery,

9    CNA abruptly terminated Plaintiff's employment.  Moreover, at the age of 54 years old, Plaintiff

10   was one of many older female employees who were fired by the company under CNA's new

11   management.

12                                  **PARTIES**

13       2.       Plaintiff GINGER MATSUMOTO-HERRERA (hereinafter "Plaintiff") was at all

14   times herein mentioned a resident of California, and employed by CONTINENTAL CASUALTY

15   COMPANY at its California office located in the County of San Francisco, State of California.

16

17       3.       Plaintiff is informed and believes, and on that basis alleges that at all relevant times

18   relevant to this Complaint, Defendant CNA (hereinafter "Defendant" or "CNA") is a business entity

19   that does and has been doing business in the City and County of San Francisco, State of California.

20       4.       The true names and capacities of Defendants named herein as DOES 1-100

21   inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff and

22

23   therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes that

24   DOE Defendants are subject to the jurisdiction of this court.  Plaintiff will amend this Complaint to

25   show true names and capacities when they have been determined.

26       5.       Plaintiff is informed and believe, and based on that information and belief, alleges

27   that at all times mentioned in this Complaint, Defendants DOES 1-100 were the agents and

28                                  -2-
                         COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1  employees and/or agents of Defendants, and in doing actions mentioned below were, unless

2  otherwise alleged, acting within the course and scope of their authority as such agents, servants,

3  partners and employees with the permission and the consent of Defendants.

4       6.    Venue is proper in this court because one or more Defendants are subject to

5  personal jurisdiction in San Francisco County, and because the claims arose in San Francisco, and

6  injury and damage to Plaintiff occurred in its jurisdictional area.

7

8       7.    Plaintiff is informed and believes and based thereon alleges that at all relevant

9  times defendant CNA was a covered employer as defined in the California Fair Employment and

10  Housing Act ("FEHA.")

11      8.    Within the time provided by law, Plaintiff filed charges with the California

12  Department of Fair Employment and Housing against CNA and received a "Right to Sue" letter.

13      9.    Plaintiff was a loyal employee of CNA for 23 years.  In 1990, Plaintiff joined CNA

14  as a Services Supervisor.  In that position, Plaintiff supervised the clerical support staff and managed

15  the shared services for the San Francisco Branch. She worked for the National Accounts Managing

16

17  Director.

18      10.   Subsequently, Plaintiff became an Operations Manager, and she took over the

19  supervision of the underwriting technicians. While in that role, Plaintiff assessed the effectiveness of

20  the centralized processes and worked with team leaders to identify and resolve issues to increase

21

22  productivity, reduce cost, and improve services.  For 13 years in that position, Plaintiff strategically

23  devised budget plans for the lead office, underwriting, sales, administration and the shared services

24  for the entire office.

25      11.   From 2003 to 2013 Plaintiff held the position of Support Services Manager at

26  CNA.  In that managerial position, Plaintiff was given the increased responsibilities in managing the

27  Risk Management Casualty underwriting technicians. She also maintained oversight over the

28

-3-
COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1   underwriting technicians in multiple lines of business that included Ocean Marine and Large

2   Property. She was a successful liaison for all business units within the San Francisco Branch.  In an

3   efficient manner, she had oversight of a wide range of services for efficient operation of the facility

4   that included office security and safety, business continuity, internal restacks and office relocation.

5   Plaintiff also implemented measures to ensure high standards of safety, security and other office

6

7   procedures at CNA.

8       12.    Plaintiff's outstanding services at CNA were reflected in her numerous awards.

9   For example, she was the Recipient of a Bronze Focus award in March 2003, nominated by the

10  Regional President for accomplishing the financial aspect of reducing the collections and statutory

11  over 90 issues.  Subsequently, Plaintiff received the Bronze Level Focus Awards in 2008, 2009 and

12  2010 in recognition of contributions to further principles of financial responsibility with profit,

13  operational efficiency, customer service, understanding risk and underwriting excellence and

14

15  stakeholder value.

16      13.    In fact, Plaintiff's accomplishments were recognized in her performance

17  evaluations that were consistently outstanding.  In the most recent evaluations provided to her,

18  Plaintiff was praised for her "high performance," "honesty and integrity," and being "results

19  driven."

20

21      14.    Despite her outstanding performance at CNA, unfortunately Plaintiff's 23-year

22  employment at CNA was terminated after she suffered an arm and shoulder injury on the job on July

23  14, 2012 which led to a subsequent surgery.  This medical condition, coupled with her age of 54

24  years old, made Plaintiff a prime target for termination.

25      15.    Specifically, on July 14, 2012, Plaintiff fell in the CNA office. She sought

26  treatment with Dr. Lesley Anderson thereafter and filed a worker's compensation claim.  Upon

27  further consultation with her physician, it became clear that she would need a shoulder surgery in

28

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-6622

-4-

1  connection with her fall at work.

2       16.    On or about April 22, 2013, Steven Marohn was hired as the Western Zone Officer

3  of CNA.  In one of her scheduled meetings with Mr. Marohn on June 13, 2013, Plaintiff informed

4  Mr. Marohn regarding her surgery set for August 12, 2013 and would need time off for the surgery.

5  To her dismay, Mr. Marohn's response was hostile and dismissive.  Within two weeks, on June 25,

6  2013, Mr. Marohn informed Plaintiff that she would be terminated effective July 24, 2013.  In a

7  further premature manner, on July 2, 2013, Mr. Marohn arbitrarily told Plaintiff to leave her job and

8  not to return again.

9       17.    In a cavalier manner, Mr. Marohn mentioned to Plaintiff at the termination that she

10  could apply for the Director Operations position.  However, while Mr. Marohn claimed that Plaintiff

11  could apply for the newly created Operations Director position, she was summarily rejected despite

12  her superior qualifications for that role, as demonstrated in her over a decade of experience in a

13  similar position.  In addition, Plaintiff was conspicuously qualified for the "new" position when she

14  was intimately involved in the analysis taking place on assessing the underwriting technicians in the

15  San Francisco branch.

16       18.    Even in as recently as April 2014, Plaintiff applied for another position at CNA

17  which had responsibilities that she previously performed.  However, CNA did not even grant

18  Plaintiff an interview for this position.

19       19.    In addition to discrimination based on her disability and request for FMLA leave,

20  CNA has in recent years moved towards and valued a younger male culture, terminating many of its

21  older female employees.  In the Fall of 2010, Jim Stegemiller became the Commercial Underwriting

22  Officer of the San Francisco branch of CNA.  In around that time, Plaintiff started observing that

23  numerous older female employees have been put on performance improvement plan, terminated

24  and/or forced to resign.

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8522

20.     Moreover, by 2013, CNA had dramatically and systemically replaced all of the underwriters over the age of 50 with persons under 30 years of age.  Unfortunately, as a 54 year old female employee with a disability, Plaintiff was also terminated, and rejected for rehiring, as part of CNA's systemic campaign to rid itself of older female employees in the company.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION

### (Violation of Cal. Gov. Code §12900 *et seq.*)

21.     Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

22.     At all times relevant to this complaint, California Government Code §12900 *et seq.* and its implementing regulations were in full force and effect.  Under California Government Code §12940(a), it is unlawful for an employer to terminate or otherwise discriminate a person in compensation or in terms of condition or privileges of employment on account of sex.

23.     As set forth above, Plaintiff is a member of a protected class as a female employee.

24.     Plaintiff's gender, female, was a motivating factor in Defendant's decision to discriminate against and eventually terminate Plaintiff. Such discrimination violates Government Code §12940(a) and has resulted in damage to Plaintiff.

25.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has suffered emotional distress and other damages.   As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

26.     Defendant committed the acts herein alleged maliciously, fraudulently and

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1  oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive

2  damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION

### (Violation of Cal. Gov. Code §12900 *et seq.*)

6       27.     Plaintiff hereby realleges and incorporates by reference as though set forth in their

7  entirety each and every other allegation herein.

8       28.     At all times relevant to this complaint, California Government Code §12900 *et seq.*

9  and its implementing regulations were in full force and effect.  Under California Government Code

10 §12940(a), it is unlawful for an employer to terminate or otherwise discriminate a person in

11 compensation or in terms of condition or privileges of employment on account of age.

12      29.     As set forth above, Plaintiff is a member of a protected class as an employee at the

13 age of 54 years old at the time of her termination.

14

15      30.     Plaintiff's age was a motivating factor in Defendant's decision to discriminate

16 against and eventually terminate Plaintiff. Such discrimination violates Government Code §12940(a)

17 and has resulted in damage to Plaintiff.

18

19      31.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has

20 suffered damages including, but not limited to, loss of income and benefits, and has suffered

21 emotional distress and other damages. As a legal result of the discrimination of Plaintiff described

22 above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish

23 and severe emotional and physical distress, all to her damages in an amount to be determined at trial

24 and according to proof.

25

26      32.     Defendant committed the acts herein alleged maliciously, fraudulently and

27 oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive

28

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

-7-

1  damages in an amount according to proof at trial.

2                          **THIRD CAUSE OF ACTION**

3              **DISCRIMINATION BASED ON DISABILITY AND/OR**

4                          **MEDICAL CONDITION**

5                          **(Cal. Gov. Code §§12940(a))**

6          33.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

7  entirety each and every other allegation herein.

8          34.    At all times herein mentioned, California Fair Employment and Housing Act

9  Government Code §§12940, *et seq.* ("FEHA"), was in full force and effect and was binding on

10  Defendant.  Plaintiff was, at all times material hereto, an employee covered by the provisions and

11  protections of the FEHA.  These sections require Defendant to refrain from discriminating any

12  employee on the basis of disability or medical condition.

13         35.    The foregoing conduct by Defendant violates the FEHA, Government Code §

14  12940 (a), which provides that discrimination of employees on the basis of disability or medical

15  condition is an unlawful employment practice.  The discrimination by Defendant of Plaintiff based

16  on her disability and/or medical condition violates Government Code §12940(a).

17         36.    Plaintiff's disability and/or medical condition were a motivating factor in

18  Defendant's decision to discriminate against, harass and eventually terminate Plaintiff.  Such

19  discrimination violates Government Code §12940(a) and has resulted in damage to Plaintiff.

20         37.    As a legal result of the discrimination of Plaintiff described above, Plaintiff has

21  suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe

22  emotional and physical distress, all to her damages in an amount to be determined at trial and

23  according to proof.

24         38.    The acts of Defendant alleged above were done maliciously and/or oppressively.

25  Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.  Plaintiff has

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-6622

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1   incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code

2   §12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by

3   Defendant.

4                              **FOURTH CAUSE OF ACTION**

5                    **FAILURE TO ENGAGE IN INTERACTIVE PROCESS**

6                              **(Cal. Gov. Code §§12940(n))**

7           39.   Plaintiff hereby realleges and incorporates by reference as though set forth in their

8   entirety each and every other allegation herein.

9

10          40.   At all times herein mentioned, California's Fair Employment and Housing Act

11  Government Code §§12940, *et seq.* was in full force and effect and was binding on Defendant.

12  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections

13  of the FEHA.  These sections require an employer to engage in the interactive process with an

14  employee with a known disability or medical condition to formulate a reasonable accommodation,

15  pursuant to Gov. Code section 12940(n).

16          41.   Plaintiff provided notice to Defendant of her disability and/or medical condition,

17  which triggered the employer's duty to engage in the interactive process with Plaintiff concerning

18
    her disability and/or medical condition.
19

20          42.   Defendant failed to engage in the interactive process as required by Gov. Code

21  section 12940(n) and instead summarily terminated Plaintiff's employment shortly after learning

22  about her disability and/or medical condition.

23          43.   The foregoing conduct violates the Fair Employment and Housing Act,

24
    Government Code § 12940 (n), which provides that the failure to engage in the interactive process
25
    with an employee with a known disability and/or medical condition is an unlawful employment
26
    practice.
27

28
                                            -9-

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-6822

44.     As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

45.     The acts of Defendant alleged above were done maliciously and/or oppressively. Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.  Plaintiff has incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code §12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by Defendant.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### (Cal. Gov. Code §§12940(m))

46.     Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

47.     At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§12940, *et seq.* was in full force and effect and was binding on Defendant. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA.  These sections require an employer to provide reasonable accommodation to an employee with a known disability or medical condition, pursuant to Gov. Code section 12940(m).

48.     Plaintiff provided notice to Defendant of her disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning her disability and/or medical condition.

49.     Defendant failed to provide reasonable accommodation as required by Gov. Code

COMPLAINT FOR DAMAGES

1   section 12940(m) and instead summarily terminated Plaintiff's employment shortly after learning

2   about her disability and/or medical condition.

3       50.     The foregoing conduct violates the Fair Employment and Housing Act,

4   Government Code § 12940 (m), which provides that the failure to provide reasonable

5   accommodation to an employee with a known disability and/or medical condition is an unlawful

6

7   employment practice.

8       51.     As a legal result of the discrimination of Plaintiff described above, Plaintiff has

9   suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe

10  emotional and physical distress, all to her damages in an amount to be determined at trial and

11  according to proof.

12      52.     The acts of Defendant alleged above were done maliciously and/or oppressively.

13  Accordingly, Plaintiff is entitled to recover punitive damages against Defendant. Plaintiff has

14  incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code

15  §12940, et seq., Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by

16

17  Defendant.

18                **SIXTH CAUSE OF ACTION**

19                **WRONGFUL TERMINATION**

20      53.     Plaintiff hereby realleges and incorporates by reference as though set forth in their

21  entirety each and every other allegation herein.

22      54.     As promulgated in the California Constitution, Article I, Section 8, a fundamental

23  public policy exists for the workplace to be free from discrimination.

24      55.     It is further promulgated in California Government Code Section 12900, *et seq.*,

25  that it is the public policy of the State of California to protect and safeguard the right and

26

27  opportunity of all persons to seek and hold employment without discrimination, harassment, or

28                -11-

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1  retaliation on account of gender, age, disability or medical condition.

2        56.    In taking the actions as set forth above, Defendant wrongfully terminated Plaintiff's

3  employment on the basis of her gender, medical condition, disability and/or age in violation of the

4  public policy of the State of California as set forth in California Government Code section 12900 *et*

5  *seq.*

6

7        57.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has

8  suffered damages including, but not limited to, loss of income and benefits, and has suffered

9  emotional distress and other damages. As a legal result of the discrimination of Plaintiff described

10  above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish

11  and severe emotional and physical distress, all to her damages in an amount to be determined at trial

12  and according to proof.

13        58.    Defendant committed the acts herein alleged maliciously, fraudulently and

14  oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive

15

16  damages in an amount according to proof at trial.

17                        **SEVENTH CAUSE OF ACTION**

18                    **FAILURE TO PREVENT DISCRIMINATION**

19                      **(Violation of Gov.Code § 12940 (k))**

20        59.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

21  entirety each and every other allegation herein.

22        60.    At all times herein mentioned, California's Fair Employment and Housing Act

23  Government Code § 12940, *et seq.*, was in full force and effect and was binding on Defendant.

24  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of

25  the FEHA.  These sections require Defendant to refrain from discriminating or harassing any

26  employee on the basis of age, gender, disability and medical condition, among other grounds.

27

28

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-6622

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

61.     The foregoing conduct violates the FEHA, Government Code § 12940 (k) when Defendant failed to take all reasonable steps to prevent and/or stop discrimination from occurring in the workplace.

62.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has suffered emotional distress and damages. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

63.     Defendant committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive damages in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF FAMILY MEDICAL LEAVE ACT &

### CALIFORNIA FAMILY RIGHTS ACT

(Cal. Gov. Code §§12945.2(a); 29 U.S.C. §§2601-2654)

64.     Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

65.     Cal. Govt. Code § 12945.2(a) and 2 Cal. Code of Regs. § 7297.0(e) prohibits discrimination and retaliation of employees for taking a leave pursuant to the California Family Rights Act ("CFRA"). The federal Family and Medical Leave Act, 29 U.S.C. §§2601-2654 ("FMLA") similarly prohibits discrimination and retaliation for employees for taking a leave pursuant to the statute.

66.     Defendant violated the FMLA/CFRA by retaliating against Plaintiff for requesting

-13-

1  time off to care for her medical condition, and by terminating her employment during the pendency
2  of her protected leave.

3      67.    As a result of the violation of the statutory provisions of California law as
4  described hereinabove, Plaintiff has been damaged as hereinbefore alleged in an amount to be
5  shown according to proof.
6
7      68.    The acts of Defendant alleged above were done maliciously and/or oppressively.
8  Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.

9      69.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.
10  Pursuant to Government Code §12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal
11  expenses and attorney's fees by Defendant.

12                          **NINTH CAUSE OF ACTION**
13          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
14      70.    Plaintiff hereby realleges and incorporates by reference as though set forth in their
15  entirety each and every other allegation herein.

16      71.    Defendant undertook a series of actions against Plaintiff that was outrageous as
17  previously stated herein, was intended to cause Plaintiff to suffer emotional distress, or was made
18  with reckless disregard of the probability of causing Plaintiff to suffer emotional distress, and the
19  outrageous conduct of the Defendant caused the emotional distress suffered by Plaintiff.
20
21      72.    Defendant's conduct alleged herein was intentional, outrageous, malicious, and
22  committed for the purpose of causing Plaintiff to suffer humiliation, embarrassment, mental anguish
23  and severe emotional distress.
24
25      73.    As a proximate cause of Defendant's acts and/or omissions, as hereinabove alleged,
26  Plaintiff were injured in his strength, health, and activity, all of which has caused and continues to
27  cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering.  The
28

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

-14-
COMPLAINT FOR DAMAGES

1   intentional infliction of emotional distress by Defendant upon Plaintiff, Plaintiff sustained damages

2   in sums currently unknown but will be proved at trial.

3        74.    The conduct of Defendant was undertaken with oppression and malice, and in

4   conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against

5   Defendant in an amount according to proof.

6

7                                **TENTH CAUSE OF ACTION**

8                     **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

         75.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

9   entirety each and every other allegation herein.

10

11       76.    As a proximate cause of Defendant's acts and/or omissions, as hereinabove alleged,

12  Plaintiff was injured in her strength, health, and activity, all of which has caused and continues to

13  cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering.  As a

14  result of the intentional infliction of emotional distress by Defendant upon Plaintiff, Plaintiff

15  sustained damages in sums to be proved at trial.

16       77.    As a proximate cause of the negligent infliction of emotional distress by

17  Defendant, Plaintiff has sustained damages in sums that will be proved at trial.

18

19       WHEREFORE, Plaintiff prays for judgment as set forth below.

20

21                                **PRAYER FOR RELIEF**

22  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

23  1.    For compensatory damages, in an amount according to proof;

24  2.    For exemplary and punitive damages;

25  3.    For a declaration that Defendant's conduct is unlawful;

26  5.    For an award of interest, including pre-judgment interest at the legal rate;

27

28                                         -15-
                                **COMPLAINT FOR DAMAGES**

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8822

6.      For an award of attorney's fees and costs;

7.      For liquidated damages;

8.      For costs of suit incurred; and

9.      For such other and further relief as the Court deems appropriate.

DATED: June 20, 2014            LIU EMPLOYMENT LAW FIRM

By: _____
       CLARICE C. LIU
       Attorney for Plaintiff GINGER MATSUMOTO-
       HERRERA

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

-16-
COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff GINGER MATSUMOTO-HERRERA hereby demands a trial by jury in this action.

DATED:  June _20_, 2014          LIU EMPLOYMENT LAW FIRM

By: _____
CLARICE C. LIU
Attorney for Plaintiff GINGER MATSUMOTO-HERRERA

-17-
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Clarice C. Liu (SBN 160555)<br>Liu Employment Law Firm<br>One Sansome Street, Suite 3500, San Francisco, CA 94104<br><br>TELEPHONE NO.: 415-288-8622   FAX NO.: 415-288-8633<br>ATTORNEY FOR *(Name):* Ginger Matsumoto-Herrera | ~~CONFORMED~~<br>FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2014 JUN 20  AM II: 27<br><br>CLERK OF THE COURT<br>BY:<br>DEPUTY CLERK<br>**D. STEPPE** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: San Francisco

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-14-540137**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 20, 2014
Clarice C. Liu
_____
(TYPE OR PRINT NAME)          ►          _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



| The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c)) |
| --- |

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |
|---|---|

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____

**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____


| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   ***Additional signature(s) attached***

ADR-2  04/14          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# *Exhibit 2*

# *Exhibit 2*

1   SEYFARTH SHAW LLP
    Camille A. Olson (SBN 111919)
2   colson@seyfarth.com
    Richard B. Lapp (SBN 271052)
3   rlapp@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California  90067-3021
    Telephone:      (310) 277-7200
5   Facsimile:      (310) 201-5219

6   SEYFARTH SHAW LLP
    Cassandra H. Carroll (SBN 209123)
7   ccarroll@seyfarth.com
    560 Mission Street, Suite 3100
8   San Francisco, California  94105-2930
    Telephone:      (415) 397-2823
9   Facsimile:      (415) 397-8549

10  131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
11  Telephone:      (312) 460-5000
    Facsimile:      (312) 460-7914

12
    Attorneys for Defendant
13  CONTINENTAL CASUALTY COMPANY

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16          COUNTY OF SAN FRANCISCO -- UNLIMITED JURISDICTION

17

18  GINGER MATSUMOTO-HERRERA,              Case No.  CGC-14-540137

19              Plaintiff,

20          v.                              **DEFENDANT'S ANSWER TO**
                                            **COMPLAINT**
21  CONTINENTAL CASUALTY COMPANY, an
    Illinois Corporation, and DOES 1 through 100,
22  inclusive,

23              Defendants.                 Complaint Filed June 20, 2014

24

25          Defendant CONTINENTAL CASUALTY COMPANY (hereinafter referred to as "Defendant"),

26  answers the Complaint (hereinafter referred to as "Complaint") filed by Plaintiff GINGER

27  MATSUMOTO-HERRERA (hereinafter referred to as "Plaintiff") as follows:

28

---

ANSWER TO COMPLAINT / CASE NO. CGC-14-540137

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers the Complaint filed by Plaintiff by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative defenses.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that neither the Complaint, nor any cause of action set forth therein, states facts sufficient to constitute a cause of action against Defendant.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims in whole or in part, are barred by the applicable statute of limitations.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites under California Fair Employment and Housing Act, California Government Code section 12900, *et seq.*

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Court is without jurisdiction over any claims not like or reasonably related to the allegations in Plaintiff's Department of Fair Employment and Housing (DFEH) charges.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant had legitimate, non-discriminatory and non-retaliatory reasons for each employment action or omission, if any, concerning Plaintiff, and/or Defendant's actions were made in good faith and in furtherance of a legitimate business interest and/or business necessity.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

Defendant alleges that it is not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency or otherwise.

2

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, if Plaintiff has obtained monies from other sources as compensation for injuries alleged in her Complaint, any such monies must be set off against any damages allegedly due Plaintiff by Defendant, if any.

AS A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to mitigate her damages.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which general, special, exemplary, or punitive damages, interest, attorney's fees or costs may be granted.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for punitive damages is barred because Defendant had a suitable anti-discrimination policy in effect at all material times.  *Kolstad v. ADA*, 527 U.S. 526 (1999).

AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims, in whole or in part, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendant took reasonable steps to prevent and correct workplace discrimination, harassment, and retaliation, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to employees by Defendant, and reasonable use of the Defendant's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff was subjected to any unlawful discrimination, harassment, or retaliation during her employment with Defendant, which Defendant denies, and if such discrimination, harassment, retaliation, or unlawful behavior was by an agent or employee of Defendant, the alleged acts were committed contrary to Defendant's express policies and outside the course and scope of employment.

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that it had no knowledge of any discriminatory, retaliatory or otherwise unlawful behavior by any of its employees, agents, or representatives.

3

AS A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that, assuming *arguendo*, Plaintiff's age and/or gender and/or disability was a factor in Defendant's employment decisions, the same decisions would have been made even if Plaintiff's age and/or gender and/or disability was not considered.

AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that it conducted a reasonable investigation of any complaint by Plaintiff of inappropriate or unlawful conduct, assuming such a complaint was made, and took all necessary and appropriate action based on that investigation.

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's employment was terminable at-will under California Labor Code section 2922, and under an express at-will agreement between Plaintiff and Defendant.

AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that if Plaintiff suffered any emotional distress (which Defendant denies), the emotional distress was caused by factors unrelated to the conditions of her work environment.

AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's exclusive remedy for any alleged physical or emotional injuries lies under the provisions of the California Workers' Compensation Act, Labor Code section 3600, *et seq.*, because to the extent such injuries exist (which Defendant denies), they arose out of and were sustained during the course of Plaintiff's employment with Defendant.

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because California and federal laws regarding the alleged conduct in question are too vague to permit the imposition of punitive damages and because any award of exemplary damages would violate Defendant's constitutional rights under the provisions of the United States or California constitutions, including, but not limited to, the due process clause of the Fifth and Fourteenth amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims fail to the extent any alleged unlawful action by Defendant was based on a bona fide occupational qualification, legitimate business reason and/or business necessity.

AS A TWENTY FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims based on her purported disability fail to the extent that she could not perform the essential functions of the job, with or without reasonable accommodation.

AS A TWENTY SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that to the extent that Plaintiff's discharge from employment was related to her alleged disability, which Defendant denies, Plaintiff was unable to perform the essential functions of her job in a manner that would not endanger his health or safety, or the health of safety of others, even with reasonable accommodation.

AS A TWENTY THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred because she failed to participate in good faith, or at all, in the interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

AS A TWENTY FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus not required, Plaintiff's claims fail.

AS A TWENTY FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims based on an alleged disability fail because Defendant accommodated such disability to the full extent required by law.

AS A TWENTY SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because the alleged employment practices and/or policies were necessary to operate Defendant's business safely and efficiently.

AS A TWENTY SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that any statement or actions upon which Plaintiff's causes of action are premised, if they occurred, were made or done after investigation and on the basis of reasonable grounds for belief in

their truth and correctness, with an honest belief in their truth or correctness, and in good faith without malice.

WHEREFORE, Defendant prays:

1. That Plaintiff takes nothing by her Complaint and that the Complaint be dismissed in its entirety, with prejudice;

2. That Defendant be awarded full judgment in this action;

3. That Defendant be awarded costs of suit and attorneys' fees incurred herein; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED:  August 8, 2014                              SEYFARTH SHAW LLP


By: _Cassandra H. Carroll_____
    Camille A. Olson
    Richard B. Lapp
    Cassandra H. Carroll
    Attorneys for Defendant
    CONTINENTAL CASUALTY COMPANY

ANSWER TO COMPLAINT / CASE NO. CGC-14-540137

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On August 8, 2014, I served the within documents:

## DEFENDANT'S ANSWER TO COMPLAINT

☐ I sent such document from facsimile machine (415) 397-8549 on August 8, 2014. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below.

☐ by causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting the document(s) listed above, electronically via e-mail addresses set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Clarice C. Liu, Esq.
LIU EMPLOYMENT LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone: (415) 288-8622
Facsimile: (415) 288-8633
Email:
**Attorneys for Plaintiff GINGER MATSUMOTO-HERRERA**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 8, 2014, at San Francisco, California.

_____
Jennifer Doctor

17722250v.1