UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER MATSUMOTO-HERERA,<br><br>    Plaintiff,<br><br>        v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>    Defendant. | Case No. 14-cv-03626-VC<br><br>**FINAL ORDER REGARDING MOTIONS IN LIMINE; ORDER RE ADDITIONAL PRETRIAL MATTERS**<br><br>Re: Dkt. Nos. 58-62, 72-76, 78, and 80-81 |

Following the final pretrial conference, the Court rules as follows on the motions in limine:

- Continental Casualty's Motion in Limine No. 1, to exclude Susan Hunt's testimony regarding Matsumoto-Herrera's job responsibilities and performance, and any evidence of Matsumoto-Herrera's performance, including performance evaluations, is denied. Evidence regarding Matsumoto-Herrera's past performance is relevant to the question whether the explanations given by the decision-makers for not hiring her to the Operations Director position were pretextual, and there is no showing that the probative value of this evidence is substantially outweighed by any risk of unfair prejudice.

- For reasons that will be explained in a separate order, Continental Casualty's Motion in Limine No. 2, to exclude evidence relating to Olga Brody's performance and termination, is denied.

- Continental Casualty's Motion in Limine No. 3, to exclude all evidence of any assertions, claims, complaints, and "me-too" evidence of discrimination by Continental Casualty against other employees and former employees, is granted. The probative value of such evidence is substantially outweighed by the risk of unfair prejudice and confusion of the issues.

- Continental Casualty's Motion in Limine No. 4, to exclude testimony by Dr. Gary Apter and Dr. James Stark, is denied. The motion is moot as to Dr. Stark. As to Dr. Apter, Matsumoto-Herrera's primary care physician, his testimony regarding her level of emotional distress is relevant, and its probative value is not substantially outweighed by any risk of unfair prejudice or confusing the issues.
- Matsumoto-Herrera's Motion in Limine No. 1, to exclude witnesses from the courtroom, is granted subject to two exceptions. Continental Casualty's designated representative is entitled to remain in the courtroom throughout trial. Continental Casualty's expert, James Langenfeld, will also be permitted to remain in the courtroom.
- Matsumoto-Herrera's Motion in Limine No. 2, to exclude evidence regarding Matsumoto-Herrera's car leases, mortgage and credit card payments, and Facebook photographs is granted in part and denied in part. The motion is granted as to the car leases and mortgage and credit card payments, which are irrelevant to the question of Matsumoto-Herrera's emotional distress. The motion is denied as to the Facebook photographs. Those photographs have at least some marginal relevance to the question of Matsumoto-Herrera's emotional distress, and there is no showing that the probative value of that evidence is substantially outweighed by any risk of unfair prejudice.
- Matsumoto-Herrera's Motion in Limine No. 3, to exclude evidence of collateral source payments, is granted in part. Continental Casualty may not adduce evidence that Matsumoto-Herrera received any collateral source benefits (whether short-term disability benefits, workers' compensation benefits, retirement benefits, unemployment benefits, or other collateral sources), nor may it adduce evidence of the amount of those benefits. Continental Casualty may, however, pursue the theory that Matsumoto-Herrera's job search activities were designed to qualify her for unemployment benefits.
- Matsumoto-Herrera's Motion in Limine No. 4, to exclude testimony by James

Langenfeld, is granted in part. Langenfeld is not permitted to testify about whether Matsumoto-Herrera's efforts to mitigate were reasonable, because that is for the jury to decide. Langenfeld also may not testify about whether there were opportunities for Matsumoto-Herrera to follow up on particular job applications she submitted, because the jury doesn't need expert testimony to figure that out. Langenfeld may, however, testify about the nature of the job market, including how many jobs were available during the relevant time period that were comparable, in his estimation, to the one she previously held, the average salaries of those jobs and like information, and about statistics regarding the average amount of time a job-seeker looks for work.[1]

- Matsumoto-Herrera's Motion in Limine No. 5, to exclude evidence regarding the general release and settlement agreement offered to Matsumoto-Herrera after she was terminated, is granted. That evidence is not relevant, since the elimination of Matsumoto-Herrera's position is not the subject of a claim the jury must decide at trial. And even if the evidence were relevant, offers of settlement are inadmissible to prove or disprove liability.

The Court also rules as follows on several additional pretrial matters:

- For the reasons stated on the record, and good cause appearing, Continental

---

[1] After the Court ruled from the bench on the motions in limine, Continental Casualty sought reconsideration of this ruling. In its request for reconsideration, Continental Casualty relies on a Ninth Circuit case it did not cite in opposition to the motion in limine, *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1339 (9th Cir. 1987). Continental Casualty bravely asserts that despite its failure to cite this case, there was a "manifest failure" by the Court to consider it. In any event, *Cassino* does not require, or even suggest, that the decision to partly grant and partly deny Matsumoto-Herrera's fourth motion in limine should be reversed. In *Cassino*, the Ninth Circuit held that the district court erred in refusing to allow any expert testimony about mitigation, because the testimony "might have helped the jury to understand how personnel managers generally search for jobs." 817 F.2d at 1346. In this case, and under this ruling, Continental Casualty is being allowed to present expert testimony about mitigation – testimony that will help the jury understand the job market, the jobs available to Matsumoto-Herrera, and the efforts that can be made to attain such jobs. The Court has simply ruled that the expert may not offer an opinion about the ultimate legal question (namely, whether Matsumoto-Herrera's mitigation efforts were reasonable), nor about an issue on which a lay person doesn't need assistance (such as whether a particular job posting gave applicants instructions that Matsumoto-Herrera didn't follow).

Casualty's unopposed motion for leave to file its Motion in Limine No. 4 under seal is granted.

- Continental Casualty's request for judicial notice in support of its opposition to Matsumoto-Herrera's Motion in Limine No. 4 is granted.
- For the reasons stated on the record, Matsumoto-Herrera's supplemental Motion to Admit Prior testimony and Evidence, Dkt. No. 80, is denied.

**IT IS SO ORDERED.**

Dated:  October 2, 2015

_____

VINCE CHHABRIA
United States District Judge