UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER MATSUMOTO-HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>    Defendant. | Case No. 14-cv-03626-VC<br><br>**SUPPLEMENTAL ORDER RE THE DEFENDANT'S MOTION IN LIMINE NO. 2**<br><br>Re: Dkt. No. 59 |

In this state-law discrimination case brought under the California Fair Employment and Housing Act, Ginger Matsumoto-Herrera contends that Continental Casualty Company passed her over for an "Operations Director" job in favor of a younger, non-disabled candidate by the name of Olga Brody. A year after Brody got the Operations Director job, Continental Casualty fired her for poor performance. Matsumoto-Herrera wishes to use this evidence at trial in support of her age and disability discrimination claims; Continental Casualty seeks to exclude it on relevance grounds.

As Continental Casualty notes, the Seventh Circuit in *Cullen v. Olin Corp.*, 195 F.3d 317, 323-24 (7th Cir. 1999) held, in a federal age discrimination case, that it was an abuse of discretion for the district court to admit evidence that a younger employee performed poorly in a position to which the younger employee was hired over the older plaintiff. *Cullen* held that the younger employee's "unsatisfactory performance months after the [adverse employment action] had no bearing on management's state of mind at the time the decision to terminate [the plaintiff] was made," and therefore such evidence was irrelevant and inadmissible. *Id.* at 324.

The Court disagrees with *Cullen* and district court decisions that have reached the same

1    result.[1]  Evidence that a person hired over an employment discrimination plaintiff ended up doing

2    the job badly is relevant, at least when the bad performance was foreseeable, because it tends to

3    make it more likely that the employer's explanation for choosing that person is pretextual.  As the

4    Ninth Circuit has stated, "[f]acts tending to show that the chosen applicant may not have been the

5    best person for the job are probative as they 'suggest that [the explanation] may not have been the

6    real reason for choosing [the chosen applicant] over the [plaintiff].'"  *Godwin v. Hunt Wesson,*

7    *Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) (quoting *Lindhal v. Air France*, 930 F.2d 1413, 1439

8    (9th Cir. 1991)).  Although the Ninth Circuit did not make that statement in the context of an

9    attempt to introduce evidence of a chosen employee's post-decision performance, the statement

10   applies to that type of situation as a matter of logic.  If the chosen employee works out well, it is

11   more likely that the reasons given for hiring her were truthful (and potentially more likely,

12   depending on the circumstances, that the reasons given for passing over another candidate were

13   also truthful).  But if the chosen employee ends up not working out and the problems were

14   foreseeable, that suggests "she may not have been the best person for the job" when the decision

15   was made, which is relevant for the reasons stated by the Ninth Circuit in *Godwin*.  *Id*.  Thus,

16   contrary to *Cullen*, the chosen employee's post-decision performance can be a window into the

17   employer's true "state of mind at the time" of the decision.  195 F.3d at 324.  While the employer

18   need not have a crystal ball, *see, e.g.*, *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 358 (2000), the

19   fact that the employee selected over the plaintiff later does badly, in a foreseeable way, can

20   indicate that the employer's proffered reasons for preferring the other employee are pretextual.

21       In this case, there is evidence from which the jury could conclude that Continental

22   Casualty knew at the time of its decision that Brody was in fact less qualified than Matsumoto-

23   Herrera.  Matsumoto-Herrera has adduced evidence that Brody did not have five years of

24   managerial experience, which Continental Casualty listed as a preferred qualification for the

---

[1] *Moser v. Tyson Foods, Inc.*, No. 3:07 CV 359, 2010 WL 1382118, at *6 (N.D. Ind. Mar. 29, 2010); *Fulmore v. Home Depot, USA, Inc.*, 423 F. Supp. 2d 861, 871 n.3, 878 n.8 (S.D. Ind. 2006); *Rathbun v. Autozone, Inc.*, 253 F. Supp. 2d 226, 235 (D.R.I. 2003); *Leatzow v. A.M. Castle & Co.*, No. 99-14218-CIV, 2001 WL 1825851, at *5 (S.D. Fla. Nov. 14, 2001); *Bruno v. W.B. Saunders Co.*, No. CIV.A. 86-2282, 1988 WL 117874, at *11 (E.D. Pa. Oct. 31, 1988); *Golletti v. Arco/Polymers, Inc.*, No. 82-2749, 1983 WL 615, at *2 (W.D. Pa. Sept. 30, 1983).

1  Operations Director position, while Matsumoto-Herrera did.  Matsumoto-Herrera has also adduced

2  evidence that she had other relevant job experience that Brody lacked, including oversight of the

3  Underwriting Technicians whom the Operations Director would be responsible for supervising,

4  and familiarity with the Western Region.  And as it turns out, Brody performed so poorly as

5  Operations Director that she was fired within a year.  Although that is not definitive proof of

6  anything, it is certainly relevant to whether Brody truly was less qualified than Matsumoto-

7  Herrera at the time Continental Casualty made its hiring decision.  And that, in turn, is relevant to

8  whether Continental Casualty's asserted belief in Brody's superior qualifications at that time is

9  pretextual, and whether Continental Casualty was actually motivated by Matsumoto-Herrera's age

10  and disability.  Therefore, Brody's poor performance and early termination is relevant as "indirect

11  evidence of [Continental Casualty's] discriminatory motive" at the time it selected Brody over

12  Matsumoto-Herrera.  *Godwin*, 150 F.3d at 1222.

13  The remaining question is whether the evidence of Brody's poor performance and

14  termination should be excluded under Fed. R. Evid. 403, i.e. whether the probative value of this

15  evidence is substantially outweighed by danger of unfair prejudice or confusion.  There are no

16  doubt many cases in which evidence about the chosen employee's performance should be excluded

17  under Rule 403, including the risk that admission of such evidence would create a mini-trial on a

18  collateral issue (especially when the quality of the chosen employee's performance is not so clear-

19  cut).  But on these facts, the probative value of Brody's performance and termination is significant,

20  and although this evidence will likely harm Continental Casualty's cause at trial, it will not do so

21  "unfairly" within the meaning of Rule 403.  Moreover, to avoid undue jury focus on Brody's

22  termination (as opposed to what was on Continental Casualty's mind when it made the decision to

23  pass over Matsumoto-Herrera), the Court will limit the amount of time that can be spent on this

24  issue at trial, and will give the jury an appropriate pinpoint instruction to ensure the jury considers

25  this evidence only as it relates to the question whether Continental Casualty truly believed Brody

26  was more qualified than Matsumoto-Herrera at the time of the decision.

27

28

3

1   **IT IS SO ORDERED.**

2   Dated: October 2, 2015



VINCE CHHABRIA
United States District Judge