UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINGER MATSUMOTO-HERERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>　　　　　Defendant. | Case No. 14-cv-03626-VC<br><br>**ORDER RE OBJECTIONS TO EXHIBITS** |

　　　　The Court invited the parties to request three rulings each on "bellwether exhibits" in advance of trial, to streamline the process of admitting exhibits at trial. Each party has submitted three objections to the other side's exhibits. The Court rules as follows:

　　　　Plaintiff's Objection No. 1. There is no reason to admit any of the materials in Exhibit 152 unless the plaintiff denies being offered outplacement assistance. If she does not, the materials will be inadmissible under Rules 401 and 403. If she does, only the material from Exhibit 152 which relates to the offer of outplacement assistance will be admitted, and any other content must be redacted.

　　　　Plaintiff's Objection No. 2. Exhibit 178 may be used as a demonstrative during argument.

　　　　Plaintiff's Objection No. 3. Exhibit 176 is excluded for the same reasons that the Court granted the defendant's third motion in limine.

　　　　Defendant's Objection No. 1. The elimination of the Support Services Manager position is admissible for context, but the legality of the defendant's decision to eliminate the position is not at issue in this trial, so under Rule 403 minimal testimony and evidence will be permitted about it, and Exhibit 35 will not be admitted.

　　　　Defendant's Objection No. 2. The same principle applies to the defendant's decision not to hire the plaintiff for the Executive Administrative Assistant position, and Exhibit 32 will not be

1  admitted.

2  Defendant's Objection No. 3.  The Court is aware that the defendant disagrees with its
3  limine ruling on this issue.  The Court is not going to reverse the ruling, and the defendant has
4  done plenty to preserve its position.  In accordance with the Court's limine ruling, Exhibits 59 and
5  60 are admissible.  However, also in accordance with the limine ruling, excessive testimony about
6  Brody's performance will not be permitted, and the Court will provide the jury with something
7  akin to the alternative instruction submitted under protest by the defendant: "The fact that Olga
8  Brody was ultimately terminated as Operations Director in the San Francisco office of CNA does
9  not, in and of itself, establish that CNA discriminated against Plaintiff."

**IT IS SO ORDERED.**

Dated: October 9, 2015

_____
VINCE CHHABRIA
United States District Judge